[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife was married to the defendant husband in Fairfield, Connecticut, on September 4, 1965.
Both of the parties have resided continuously in the State of Connecticut for at least one year prior to the commencement of these proceedings.
Three children were born to the wife during the marriage, all issue, and all have reached their majority.
From the evidence presented, the court finds that the marriage has broken down irretrievably, there is no prospect of any reconciliation and a decree of dissolution may enter.
Both of the parties are in good health. The husband is fifty-three (53) years old and the wife is forty-nine (49).
The husband is a design engineer with Butler Service Group, Inc., and earns $48,000 annually. His previous employment was with United Technologies Corporation with whom he was employed for twenty-five (25) years prior to his termination in 1990. CT Page 2551
The wife works for a travel agency and her earnings are $38,000 annually.
Neither party has requested alimony in their post judgment briefs.
The wife does presently have an individual retirement plan. The husband's retirement plan with United Technologies Corporation would provide him with $985 per month at age sixty-five (65) or $819 at an early retirement.
The husband also has an individual retirement plan which has a value of approximately the same as his wife's plan.
The court need not dwell on the charges by each party as to the breakdown of the marriage. Suffice it to say that the court concludes that fault does not, in this case, play a significant factor in the court's disposition of the assets of the parties.
Further, the court accepts the stipulation of the parties that the marital home has a fair market value of $140,000.
Having considered all of the evidence and the mandate of Connecticut General Statutes, Secs. 46b-81 and 46b-82, the court further finds and orders as follows:
1. No alimony is awarded to either party.
2. The wife is granted exclusive possession of the marital home and the court by judicial decree conveys all of the right, title and interest of the husband in said premises located at 15 Baldwin Road, Newtown, Connecticut, to the wife.
She shall be responsible for all of the mortgage payments, taxes, insurance and all other expenses of said home and shall hold the husband harmless.
3. The court awards to the wife, by way of a Qualified Domestic Relations Order, a 25 percent joint and survivorship annuity in the husband's pension benefit through United Technologies Corporation.
4. The husband shall retain his entire interest in the savings plan. CT Page 2552
5. Upon the sale of the home by the wife, provided it is sold within three years and there is a capital gains to be paid because of a failure to defer said capital gains consequence, the husband shall pay to the wife 50 percent of said tax.
6. U.S. Home stock shall be liquidated and divided equally between the parties.
7. Each of the parties shall retain their own motor vehicles and other personal property in their possession. The gun collection, boating equipment and other sports equipment shall be the property of the husband, and the wife may also keep those items reported on her exhibit.
8. Each of the parties shall, except as otherwise provided, be responsible for his or her own liabilities and expenses.
Mihalakos, J.